COVINGTON, Chief Judge.
This is an appeal by defendants, Lionel J. Bourgeois and his insurer, Safeco Insurance Company of America, from a jury verdict and judgment in favor of plaintiff, Mack P. Stewart, Jr., in the sum of $30,000, with the judgment against Safeco limited to its policy limits of $15,000.
This case arose as the result of an automobile accident on Friday, April 30, 1982, between a vehicle driven by appellant, Lionel J. Bourgeois, and a vehicle driven by appellee, Mack P. Stewart, Jr. At the time of the accident Mr. Bourgeois was returning to Baton Rouge from New Orleans by way of Interstate 10. The appellee was returning from a Bible conference in New *500 Orleans when he was struck from the rear by Mr. Bourgeois. The severity of the impact was disputed, but the jury resolved it in favor of the plaintiff, evidently finding that it was a hard blow to the Stewart vehicle, which was knocked forward by the impact. The Bourgeois car did not sustain any damage, and damage to appellee’s car consisted of a bent frame and bent body, amounting to $900. Mr. Stewart did not experience immediate pain as a result of the accident; however, over the weekend he began to feel some soreness in his neck and shoulders. He first went to a doctor on the following Wednesday, May 5, 1982, Dr. Herschel B. Dean, a general practitioner.
Dr. Dean diagnosed the appellee’s injury as a cervical muscle strain in the back part of his neck. Mr. Stewart saw Dr. Dean again about one week later. The physician found the appellee had a good range of motion and could move in all directions. He prescribed muscle relaxants. A cervical spine x-ray which was taken on the following day showed a minimal degenerative-type arthritis but no other abnormalities. On appellee’s third visit in July of 1982, Dr. Dean advised appellee to undergo physiotherapy. His diagnosis at this time was the same as on the first visit, that the patient suffered a cervical strain. Appellee did not have the physiotherapy until the latter part of September of the same year. He underwent a total of six of these treatments, which consisted of heat and ultrasound, along with intermittent traction to the neck. Each treatment lasted about forty-five minutes. His fourth visit to Dr. Dean was on September 23,1982, before he had begun the physiotherapy. He complained of occasional sharp pains in the back part of his neck but exhibited a good range of motion. Appellee’s final visit to this doctor for complaints related to the accident was on November 1, 1982, after the six physiotherapy treatments. The diagnosis was basically the same as before. He indicated that Mr. Stewart could suffer from this cervical strain for a considerable period of time and that his complaint could be, medically speaking, referred back to the accident.
On April 13, 1983, almost one year after the accident and five and a half months after his last visit to Dr. Dean, Mr. Stewart was seen by Dr. Lawrence Messina, an orthopedic surgeon. He was complaining of pain in his neck, back and left arm. Dr. Messina’s diagnosis was that appellee had atrophy or weakness of the biceps muscle on the left side as well as an absent deep tendon reflex at his left elbow. He also found some tenderness in the brachial plexus, but did not detect any muscle spasm in his neck at that time. The doctor causally connected Stewart’s complaints with the accident. X-rays were taken, which showed a slight amount of cervical spondy-losis or arthritis in the neck. Dr. Messina placed the patient on a physical therapy program and to Dr. Messina’s knowledge appellee undertook one of those treatments. More than two years after the accident, on November 20, 1984, was the sixth and last time appellee saw this physician. At the time the doctor noted tenderness in the brachial plexus and a depressed deep tendon reflex, but there was no muscle weakness and no sensory changes. Dr. Messina assessed Mr. Stewart with a five percent whole body disability, and felt that his symptoms would be permanent.
On appeal, the defendants complain that the trier of fact erred in finding Mr. Stewart’s injuries causally related to the accident and that the award of $30,000 was a clear abuse of the trier of fact's much discretion.
Plaintiff and his wife both testified that he had no problems with his back prior to the accident. He has had pain constantly thereafter. He has to get out of bed at night and take medication. This has persisted up to the time of trial, almost 4 years after the mishap.
Aside from his ministry, the plaintiff conducts a bush-hogging, and hay cutting and baling business. This work requires his driving a tractor and related activities.
The jury heard the testimony of the witnesses, and found that the plaintiff was entitled to an award of $30,000.00. The district judge heard the same evidence and *501 refused to grant defendants a new trial, concluding that the verdict of the jury was reasonable, and refused to enter a remit-titur.
It should now be clear to all that a factual finding of the trier of fact, including one on the question of whether the particular accident caused the injuries complained of, will not be disturbed on appeal unless such finding of fact is determined to be manifestly erroneous from our review of the facts in the record.
The testimony of Mr. Stewart and his wife, as well as the medical evidence indicates the causal relationship. The jury and the trial judge found such relationship to be established by the evidence. Our review of the record convinces us that the evidence supports the factual finding of the jury that plaintiffs condition was caused by the subject accident. It was not manifestly erroneous in making such a finding.
We turn now to the question of the amount of the award. The defendants argue that it is excessive. Our articulated analysis of the facts, as discussed above, discloses no manifest abuse of the trier of fact’s discretion. Hence, we are not called upon to consider prior awards concerning similar injuries except as an aid to our determination. Our review of the mass of past awards for similar injuries reveals both exceedingly low and exceedingly high awards, and many reasonable awards. We are convinced that the present one is not greatly disproportionate to such past awards. We find that the trier of fact did not commit manifest error in its findings.
Accordingly, the judgment is affirmed at appellant’s costs.
AFFIRMED.